UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VETON GJOLIKU,

    Petitioner,

v.                                        Case No. 06-11747

MICHAEL CHERTOFF, Secretary,
Department of Homeland Security, *et al.,*      Hon. John Corbett O'Meara

    Respondents.

_____/

**ORDER TRANSFERRING CASE TO THE
UNITED STATES DISTRICT COURT FOR THE
<u>WESTERN DISTRICT OF MICHIGAN</u>**

    Petitioner, Veton Gjoliku, is a citizen of Albania who is subject to a final order of removal, which has been stayed by the Second Circuit Court of Appeals pending further proceedings before the Board of Immigration Appeals. He is challenging the legality of his detention by Immigration and Custom Enforcement pursuant to 28 U.S.C. § 2241. Mr. Gjoliku is being held at the Calhoun County Correction in Battle Creek, Michigan, which is located in the Western District of Michigan.

    Respondents have filed a motion to dismiss the petition, arguing that the court does not have personal jurisdiction over the only proper respondent – the warden of the Calhoun County facility. Alternatively, Respondents request that the case be transferred to the Western District of Michigan, where jurisdiction and venue are proper. Petitioner has filed a response opposing this relief.

    In <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004), the Supreme Court held that "in habeas challenges to present physical confinement – "core challenges" – the default rule is that the

proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id.  The court further noted that the "plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443.

This is a "core challenge" case, in that Petitioner is challenging the legality of his present physical confinement, rather than the underlying removal order.  See id.; Deng v. Garcia, 352 F. Supp. 2d 373 (E.D.N.Y. 2005) (transferring case to district of confinement).  Therefore, jurisdiction is proper in the Western District of Michigan, where Petitioner is being detained.[1]

Accordingly, IT IS HEREBY ORDERED that Respondents' May 5, 2006 Motion to Dismiss is GRANTED IN PART.

It is further ORDERED that this case is TRANSFERRED to the United States District Court for the Western District of Michigan.

Dated:  June 26, 2006               s/John Corbett O'Meara
                                    John Corbett O'Meara
                                    United States District Judge

---

[1] Petitioner contends that the INS District Director is a proper respondent pursuant to Roman v. Ashcroft, 340 F.3d 314 (6th Cir. 2003).  Roman was decided before the Supreme Court decision in Padilla, however, and cannot be reconciled with it.